UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| NORMAN CLARK GANGLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 6:16-cv-1372-MHH-HNJ ) |
| WARDEN GIVENS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On August 22, 2016, *pro se* plaintiff Norman Clark Gangle filed this action against defendants Gwendolyn Givens, Brian Colburn, Amy Woods, and Jerry Lovelace. (Doc. 1). Mr. Gangle also moved to proceed *in forma pauperis*. The magistrate judge to whom this case originally was assigned granted that motion on September 22, 2016. (Doc. 3).

On May 8, 2017, the magistrate judge ordered Mr. Gangle to amend his complaint because of his deficient allegations about hepatitis and cataracts. (Doc. 8). Mr. Gangle did not comply with this order. Accordingly, on June 12, 2017, the Court dismissed Mr. Gangle's claims concerning hepatitis and cataracts without prejudice for failure to prosecute. (Doc. 9).

On July 6, 2017, the second magistrate judge to whom this case was assigned ordered Ms. Givens, Mr. Colburn, Ms. Woods, Mr. Lovelace, and an

unidentified nurse designated as "Body Chart Nurse" to file a special report about Mr. Gangle's remaining claims. (Doc. 10, p. 3).

Mr. Lovelace and Ms. Woods filed their special report on July 21, 2017. (Doc. 16). Mr. Colburn and Ms. Givens filed their special report on August 25, 2017. (Doc. 19). The magistrate judge treated those special reports as motions for summary judgment and ordered Mr. Gangle to respond to them. (Docs. 21, 22). Mr. Gangle filed his response on October 19, 2017. (Doc. 23).

On May 25, 2018, the magistrate judge recommended that the Court dismiss without prejudice Mr. Gangle's Eighth Amendment medical claims against the "Body Chart Nurse" described in Mr. Gangle's complaint and identified later in the record as Lacy Wooten. (Doc. 25, p. 24; Doc. 16-1, p. 14; Doc. 19-2 (Mr. Colburn's Affidavit), p. 1; Doc. 19-4, p. 1)). The magistrate judge also recommended that the Court dismiss all remaining claims with prejudice. (Doc. 25, p. 31).

The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 25, p. 32). To date, Mr. Gangle has not objected to the magistrate judge's report and recommendation. Mr. Gangle also has not requested additional time from the Court in which to object.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A

district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Based on its review of the record in this case, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's factual findings. Therefore, the Court adopts the magistrate judge's report.

The Court will issue a separate final order dismissing the claims against the "Body Chart Nurse" without prejudice and entering judgment as a matter of law in favor of defendants Gwendolyn Givens, Brian Colburn, Amy Woods, and Jerry Lovelace.

**DONE** this 27th day of July, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).